UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION



FILED
DEC 01 2014

| MICHAEL SEIBEL, | CIV 14-1022-CBK |
|---|---|
| Petitioner, | MEMORANDUM OPINION AND ORDER RE: ATTORNEY-CLIENT PRIVILEGE WAIVER AND ORDER FOR EXTENSION |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

The Government has requested an order directing former defense counsel to respond to petitioner's claims of ineffective assistance set forth in petitioner's motion to vacate under 28 U.S.C. § 2255. The Eighth Circuit Court of Appeals has recognized that the attorney-client privilege may be impliedly waived when a client attacks his attorney's competence and raises the issue of ineffectiveness or incompetence of counsel. See Tasby v. United States, 504 F.2d 332 (8th Cir. 1974). ABA Model Rule of Professional Conduct 1.6 also recognizes that a disclosure may be impliedly authorized under certain circumstances including when a lawyer must respond to allegations in any proceeding concerning the lawyer's representation of his or her client.

The American Bar Association, however, has issued an opinion advising that former counsel confronted with a client making ineffective assistance of counsel claims, consistent with their ethical obligations (1) may not disclose information imparted to him or her in confidence without first obtaining the informed consent of the former client; and (2) may only disclose such information in "court-supervised testimony." ABA Comm. on Eth. and Prof'l Responsibility, Formal Op. 10-456 (July 14, 2010).

In consideration of the allegations set forth in petitioner's motion to vacate under 28 U.S.C. § 2255, this Court has determined that the government cannot respond to the allegations of ineffective assistance of counsel without Attorney Pat Carlson responding by affidavit to the specific allegations in the motion concerning her representation of petitioner. If petitioner opposes the waiver of the Attorney-Client privilege as it relates to the specific allegations in his

motion to vacate under 28 U.S.C. § 2255, the ineffective assistance allegations will be stricken from petitioner's motion to vacate under 28 U.S.C. § 2255. Accordingly,

IT IS ORDERED:

1. The Government's motion, Doc. 10, is granted.

2. The Clerk shall forthwith send a copy of this order and the attached Attorney-Client Privilege Waiver form to petitioner.

3. If the Attorney-Client Privilege Waiver form is not signed and returned to the Clerk for filing within 20 days after receipt by petitioner, the allegations of ineffective assistance of counsel will be stricken from petitioner's motion to vacate under 28 U.S.C. § 2255.

4. If the Attorney-Client Privilege Waiver form is signed and filed, the government shall forward a copy of the signed Attorney-Client Privilege Waiver form to Attorney Pat Carlson, along with a copy of this Order, petitioner's motion to vacate, Doc. 1, memorandum in support of motion to vacate, Doc. 2, and the Court's Order to answer, Doc. 9. Attorney Carlson shall within 30 days of receiving the Attorney-Client Privilege Waiver form provide and file with the Clerk an affidavit responding to the specific allegations in the § 2255 motion concerning her representation of petitioner.

5. The United States shall promptly thereafter serve a copy of the affidavit upon petitioner.

6. The respondent's motion for extension of time, Doc. 10, is granted. The United States shall file its response within 30 days after receiving the affidavit.

Dated this 1st day of December, 2014.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
U.S. District Judge